OPINION
On November 14, 1996, the Richland County Grand Jury indicted Kirk Lee Johnson on a three count indictment (Case No. 96CR548D). On November 25, 1996, third-party appellant, the Allegheny Mutual Casualty Company, through its agent, Robert A. Lemon, posted a fifty-five thousand dollar surety bond with the trial court. Mr. Johnson failed to appear for his hearing scheduled for January 22, 1997. By judgment entry filed February 25, 1997, the trial court forfeited the surety bond. Appellant paid the bond on April 24, 1997.
On May 7, 1997, appellant filed a civil complaint against Mr. Johnson and others (Case No. 97-457D).
On June 16, 1997, Mr. Johnson appeared and pled guilty to amended charges and was subsequently sentenced.
On November 21, 1997 in the civil case and November 25, 1997 in the criminal case, appellant filed a motion to remit bond forfeiture. By judgment entry filed December 8, 1997 in the civil case, the trial court denied the respective civil motion. The criminal motion remained pending.
On April 6, 1998, appellant filed a supplemental motion to remit bond forfeiture in the criminal case. By judgment entry filed April 16, 1998, the trial court denied said motion.[1]
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE APPELLANT WHEN NO EVIDENTIARY HEARING WAS HELD TO CONSIDER EQUITABLE FACTORS AND CIRCUMSTANCES THAT WOULD WARRANT A REMISSION OF PART OR ALL OF THE FORFEITED BOND.
II
 THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE APPELLANT WHEN IT ABUSED ITS DISCRETION IN DENYING APPELLANT'S REQUEST FOR REMISSION WITHOUT CONDUCTING AN EVIDENTIARY HEARING ON THIS ISSUE AND WITHOUT CONSIDERING ANY OF THE REQUISITES EXONERATING, EQUITABLE FACTORS THAT WARRANT SUCH A REMISSION IN WHOLE OR IN PART.
 I, II
Appellant claims the trial court erred and abused its discretion in not conducting an evidentiary hearing on the remission of the bond forfeiture. We agree.
Appellee, the State of Ohio, argues because the trial court denied appellant's motion to remit bond forfeiture in the civil case via judgment entry filed December 8, 1997, appellant is not entitled to a hearing in the criminal case based upon the doctrine of collateral estoppel:
 Collateral estoppel (issue preclusion) prevents parties or their privies from relitigating the facts and issues in a subsequent suit that were fully litigated in a prior suit. Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against collateral estoppel is asserted was a party in privity with the party to the prior action.
 Thompson v. Wing (1994), 70 Ohio St.3d 176, 183.
Upon review, we find the second prong has not been met. The civil case involved a complaint for money due on an indemnity agreement and cognovit note to secure the bond in question. Appellant filed a motion to remit bond forfeiture in the civil case on November 21, 1997 and in the criminal case on November 25, 1997. The proper forum to address this motion was the criminal court. As such, the civil court did not have jurisdiction to entertain the motion and enter a judgment on December 8, 1997. Collateral estoppel does not apply sub judice.
A review of appellant's November 25, 1997 motion in the criminal case establishes appellant requested an oral hearing to present testimony. Appellant argues there are several legal, equitable and factual issues to be considered by the trial court in determining "the reasonable relation between the forfeiture of one hundred percent (100%) of the Fifty Five Thousand Dollar bond ($55,000.00) and the costs and inconvenience (if any) incurred in gaining custody of the accused (Kirk Lee Johnson) and again preparing for trial." Appellant's Brief at 8. We agree and find the trial court abused its discretion in not conducting an evidentiary hearing as requested.
Assignments of Error I and II are granted.
The judgment of the Court of Common Pleas of Richland County, Ohio is hereby reversed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio is reversed and remanded to said court for evidentiary hearing on appellant's motion to remit bond forfeiture.
[1] This judgment entry was erroneously filed under the civil case number. We will incorporate this entry into the criminal case.